**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DWAYNE CROPPER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-812-MAK |
| | : | |
| PHILIP D. PARKER, FRANCHOT | : | |
| WALLACE, ROBERT MOCK | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                          **April 24, 2026**

The Delaware General Assembly requires persons seeking recovery for personal injuries file a case within two years of their harm. We apply this rule in federal court to excessive force civil rights claims and similar claims brought by incarcerated persons against correctional officers in their facilities. We today address an incarcerated man and his counsel's filing of excessive force and state law claims in mid-2025 arising from correctional officers' alleged use of a pepper ball shot to the incarcerated man's eye in August 2018 causing him ongoing harm. The incarcerated man did not grieve the correctional officers' conduct but then eventually filed suit. Judge Bibas dismissed his claims for not exhausting his internal grievances and our Court of Appeals affirmed the dismissal. The incarcerated man then waited a few months before writing a letter complaining about the officers' conduct and over a year before filing this case in mid-2025.

His claim is facially time-barred by the two-year statute of limitations. Our Court of Appeals afforded him the opportunity to plead facts allowing us to plausibly infer extraordinary circumstances to equitably toll the statute of limitations. He did not do so. We find he cannot do so given his other conduct confirming his capacity to file a medical grievance and Judge Bibas's finding the facility's grievance system available to him. We dismiss the incarcerated man's complaint with prejudice as time-barred.

### I.    Alleged facts material to the timeliness of this action

The Delaware Department of Correction maintained custody over Dwayne Cropper in a state correctional facility in August 2018.[1] Mr. Cropper refused to be handcuffed in his cell on August 15, 2018.[2] The Facility's Area Supervisor Franchot Wallace assembled a Quick Response Team and designated Sergeant Robert Mock to lead it.[3] Sergeant Mock shot Mr. Cropper in his right eye with a pepper ball in response to Mr. Cropper's refusal to be handcuffed.[4] Deputy Warden Philip D. Parker supervised Sergeant Mock and knew about "unwarranted and excessive uses of force on" incarcerated persons "but did nothing to stop it."[5]

The Facility placed Mr. Cropper in the infirmary after the shooting to aid his recovery.[6] Mr. Cropper asked an unidentified officer for a grievance form; the officer responded they do not "do grievances in the infirmary."[7] Mr. Cropper ultimately filed a medical grievance about seven months later but he never asked for an investigation into the pepper ball shooting or otherwise complained about "the officers' use of force or their lack of training."[8]

Mr. Cropper did not sue to recover for injuries arising from the pepper ball shooting until almost a year and eleven months later on July 8, 2020.[9] Judge Bibas granted summary judgment for the correctional officers finding Mr. Cropper did not exhaust his administrative remedies before suing.[10] As part of finding Mr. Cropper did not exhaust his administrative remedies, Judge Bibas found Mr. Cropper did not show the Facility's administrative remedies were unavailable to him.[11] Our Court of Appeals affirmed Judge Bibas's decision on February 14, 2024.[12]

Two months after our Court of Appeals issued its decision, Mr. Cropper wrote a letter complaining about the officers' actions related to the pepper ball shooting and requesting an investigation on April 18, 2024.[13] Mr. Cropper did not receive a response to his letter.[14] He again sued to recover for his injuries over a year later on July 2, 2025.[15] He sues Deputy Warden Parker,

Area Supervisor Wallace, and Sergeant Mock under section 1983 for violating his Eighth Amendment rights and for assault, battery, and intentional infliction of emotional distress.[16] Mr. Cropper now has limited vision in his right eye.[17]

## II.      Analysis

The correctional officers move to dismiss Mr. Cropper's counseled lawsuit arguing the statute of limitations expired on August 15, 2020 and bars Mr. Cropper's civil rights claims.[18] They argue Mr. Cropper's attempts to exhaust his administrative remedies did not toll the statute of limitations because the limitations period already expired at the time he started the process on April 18, 2024.[19] Mr. Cropper responds by concluding there are extraordinary circumstances warranting equitable tolling because the Department of Correction agreed to withdraw affirmative defenses based on administrative exhaustion in another case and because equitable tolling would not otherwise conflict with the purposes of the statute of limitations or Congress's direction in the Prison Litigation Reform Act.[20] The correctional officers reply in part the Department of Correction's decision to stipulate to strike affirmative defenses based on administrative exhaustion in a different case does not provide extraordinary circumstances for us to equitably toll the statute of limitations in this case.[21] We agree.

### A. Mr. Cropper's 2025 civil rights claims are time-barred unless there is a basis to toll the statute of limitations.

We look to the "personal-injury law of the state where the alleged harm occurred" to determine how much time a person suing under section 1983 has to bring his claim.[22] Delaware's General Assembly provides for a two-year statute of limitations for personal injury claims.[23] We apply a two-year statute of limitations to Mr. Cropper's section 1983 claims.[24]

We look to federal law to determine when a section 1983 claim accrues and the statute of limitations begins to run.[25] And federal law instructs section 1983 claims accrue when the person

3

"knows or has reason to know of [his] injury."[26] For example, a section 1983 claim based on excessive force accrues at the time officers used excessive force.[27]

Mr. Cropper does not respond to the correctional officers' assertion his claims accrued on August 15, 2018 when Sergeant Mock shot him with the pepper balls.[28] We agree Mr. Cropper's claims accrued on August 15, 2018. But Mr. Cropper did not file this lawsuit until almost seven years later on July 2, 2025.[29] Mr. Cropper's claims are not timely unless the limitations period was tolled.

### B.  Mr. Cropper does not plead a basis to apply equitable tolling.

Mr. Cropper only argues equitable tolling makes his claims timely.[30] But he pleads no facts allowing us to plausibly infer the extraordinary circumstances necessary to disregard Delaware's two-year statute of limitations.

Although federal law governs when a claim accrues, we look to state law to determine "whether a limitations period should be tolled" except where state law is inconsistent with federal law or policy.[31] Mr. Cropper asks us to apply federal equitable tolling principles without first addressing whether Delaware's tolling principles conflict with federal law or policy.[32] Some of our colleagues suggest Delaware's equitable tolling principles apply when a person relied on a fiduciary's representations and did not know or have reason to know about facts giving rise to his claim.[33] But others suggest both Delaware law and federal law allow equitable tolling when: (1) "the defendant misled the plaintiff," (2) "the plaintiff was prevented from asserting his rights in some extraordinary way," and (3) "the plaintiff has timely asserted his rights mistakenly in the wrong forum."[34] The person asserting equitable tolling has the burden to show how a circumstance warranting equitable tolling "prevented [him] from timely filing [his] complaint."[35] He must also show he "exercised reasonable diligence in investigating and bringing [his] claims."[36] Equitable

4

tolling is an "extraordinary" remedy we only apply "sparingly."[37] And we can grant a motion to dismiss based on a statute of limitations defense when it is "apparent on the face of the complaint."[38]

Mr. Cropper does not plead nor explain why the statute of limitations is tolled under Delaware law.[39] He instead concludes his claim is timely under federal tolling principles without explaining why they apply.[40] He argues his claims are equitably tolled under federal law because he exercised reasonable diligence in bringing his claims and extraordinary circumstances warrant equitable tolling.[41]

Even if we look to federal tolling principles, Mr. Cropper does not plead facts showing extraordinary circumstances prevented him from asserting his claims.[42] Our colleagues have only found extraordinary circumstances warranting equitable tolling in limited situations, such as when an incarcerated person suffered brain damage and could not access relevant medical and correctional records until he obtained counsel or where a facility denied an incarcerated person access to its grievance system.[43] Other colleagues have found equitable tolling does not apply— even at the motion to dismiss stage—where the party asserting it does not allege facts showing he was incapacitated or barred from proceeding with his suit.[44]

Mr. Cropper does not plead facts allowing us to plausibly infer a physical or mental inability to sue or the Facility otherwise barred him from accessing the grievance process earlier.[45] He instead argues there are extraordinary circumstances warranting equitable tolling because the Department of Correction agreed to strike affirmative defenses based on administrative exhaustion in another case.[46] But a defendant can decide whether to raise a particular affirmative defense in a given case.[47] Even accepting Mr. Cropper's allegations as true, the Department of Correction's decision not to pursue affirmative defenses based on administrative exhaustion in another case

does not create extraordinary circumstances warranting equitable tolling in this case. We grant the correctional officers' Motion to dismiss Mr. Cropper's section 1983 claims based on the statute of limitations with prejudice because he has not pleaded facts allowing us to plausibly infer we should equitably toll the statute of limitations under Delaware or federal law. We find further amendment to add facts showing extraordinary circumstances would be futile because Judge Bibas already found the Facility's administrative remedies were available to Mr. Cropper and because Mr. Cropper's ability to file a medical grievance about seven months after his injury shows he had capacity to complain about the officers' conduct too.

Mr. Cropper's claims for assault, battery, and intentional infliction of emotional distress also have a two-year statute of limitations.[48] We also grant the correctional officers' Motion to dismiss these claims with prejudice based on the statute of limitations.

### III.    Conclusion

Mr. Cropper has not pleaded facts allowing us to plausibly infer extraordinary circumstances prevented him from filing his Complaint before the statute of limitations for his claims expired. We grant the Department of Correction officers' Motion and dismiss Mr. Cropper's claims with prejudice.

---

[1] *See* D.I. 1 at 1 ¶ 1.

[2] *See id.* at 3 ¶ 6.

[3] *See id.*

[4] *See id.* at 4–6 ¶¶ 9–12.

[5] *See id.* at 19 ¶ 34.

[6] *See id.* at 19 ¶ 35.

[7] *See id.*

---

[8] *See Cropper v. McCarthy*, No. 20-921, 2023 WL 2891267, at *2 (D. Del. Apr. 11, 2023), *aff'd*, No. 23-2091, 2024 WL 615520 (3d Cir. Feb. 14, 2024). We can consider "matters of public record" like judicial opinions when resolving a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 256 n.5 (3d Cir. 2006) ("[T]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999))).

[9] *See* D.I. 8-1.

[10] *See Cropper*, 2023 WL 2891267, at *1–4.

[11] *See id.*

[12] *See Cropper v. McCarthy*, No. 23-2091, 2024 WL 615520, at *2–4 (3d Cir. Feb. 14, 2024).

[13] *See* D.I. 1 at 19 ¶ 35.

[14] *See id.*

[15] *See id.*

[16] *See id.* at 20–21 ¶¶ 38–40.

[17] *See* D.I. 1 at 13 ¶ 20.

[18] *See* D.I. 8 at 9.

[19] *See id.* at 10–11.

[20] *See* D.I. 10 at 9–19.

[21] *See* D.I. 12 at 5–8.

[22] *See Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)) ("The amount of time a [section] 1983 claimant has to bring suit is determined by the personal-injury law of the state where the alleged harm occurred.").

[23] *See* Del. Code Ann. tit. 10, § 8119.

[24] *See Gudzelak v. Jurden*, 495 F. App'x 217, 219 (3d Cir. 2012) ("In Delaware, [section] 1983 claims are subject to a two-year period of limitations from the date upon which it is claimed that such alleged injuries were sustained." (citing Del. Code Ann. tit. 10, § 8119)).

7

[25] *See Coello*, 43 F.4th at 352 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

[26] *See id.* (citing *Wallace*, 549 U.S. at 388; *Genty v. Resol. Tr. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)).

[27] *Cf. Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015) ("[The person] alleged that the officers used excessive force against him when they shot him on March 22, 2011, and his claim accrued then.").

[28] *See* D.I. 8 at 9; D.I. 10.

[29] *See* D.I. 1.

[30] *See* D.I. 10.

[31] *See Dique*, 603 F.3d at 185; *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009) ("The general rule is that state tolling principles also govern [section] 1983 claims . . . . That rule is not absolute. Where state tolling principles contradict federal law or policy, federal tolling principles may apply in certain limited circumstances." (citations omitted)).

[32] *See* D.I. 10 at 9–10.

[33] *See Gregorovich v. E.I. du Pont de Nemours*, 602 F. Supp. 2d 511, 519 n.9 (D. Del. 2009) ("Under the doctrine of equitable tolling, the limitations period stops running while a plaintiff has reasonably relied upon the competence and good faith of a fiduciary . . . . No evidence of actual concealment is necessary . . . but the statute is only tolled until the [person] 'knew or had reason to know of the facts constituting the wrong.'" (quoting *In re Tyson Foods, Inc.*, 919 A.2d 563, 585 (Del. Ch. 2007))); *see also Davis v. Corr. Med. Sys.*, 480 F. Supp. 2d 754, 760 n.3 (D. Del. 2007) ("Under Delaware law, equitable tolling occurs when the plaintiff can show he was ignorant of the wrong due to the defendant's fraud or fraudulent concealment or some other circumstance justifying why plaintiff did not have reason to know of the facts constituting the alleged wrong." (citing *Kahn v. Seaboard Corp.*, 625 A.2d 269, 276 (Del. Ch. 1993))).

[34] *See Owens v. Carman Ford, Inc.*, No. 12-214, 2013 WL 5496821, at *3 (Del. Super. Ct. Sept. 20, 2013); *Shockley v. Minner*, No. 06-478, 2008 WL 2699978, at *2 (D. Del. July 10, 2008) (citing the three examples for federal equitable tolling without further explanation); *see also Kach*, 589 F.3d at 643 (noting our Court of Appeals has only recognized "three federal equitable tolling principles: '(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.'" (quoting *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000))).

[35] *Cf. Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (suggesting an equitable tolling argument is insufficient where the person asserting it relied "generally on 'illness,' attorney neglect, poverty, homelessness, and childcare issues without explaining how these circumstances prevented her from timely filing her complaint").

[36] *See id.* (quoting *New Castle Cnty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997)).

[37] *See Frasier-Kane v. City of Phila.*, 517 F. App'x 104, 106 (3d Cir. 2013) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

[38] *See Lloyd*, 857 F. App'x at 63–64 (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

[39] *See* D.I. 10.

[40] *See id.* at 9–10.

[41] *See id.* at 9–11.

[42] *See Frasier-Kane*, 517 F. App'x at 106 (explaining we do not need to consider whether state "tolling principles frustrates the policies underlying [section 1983]" where "even our federal equitable tolling principles would not toll the statute of limitations").

[43] *See Moody v. Kearney*, 380 F. Supp. 2d 393, 397–98 (D. Del. 2005); *Dickens v. Taylor*, 671 F. Supp. 2d 542, 548 (D. Del. 2009); *see also Bennett v. Susquehanna Cnty. Child. & Youth Servs.*, 592 F. App'x 81, 84 (3d Cir. 2014) ("Incidents that have warranted equitable tolling under the extraordinary circumstances prong include egregious attorney behavior . . . preclusion of future review for death penalty cases . . . and, as a guardian, conspiring to deprive a mentally incompetent person of her constitutional and civil rights." (citing *Holland v. Florida*, 560 U.S. 631 (2010); *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003); *Lake*, 232 F.3d at 360)).

[44] *See Lloyd*, 857 F. App'x at 64–65 (affirming dismissal because alleged facts like "'illlness,' attorney neglect, poverty, homelessness, and childcare issues" did not support equitable tolling); *Brown*, 614 F. App'x at 592 (affirming dismissal because alleged facts about mental and physical incapacitation conflicted with person filing another law suit during period of alleged incapacitation); *Bennett*, 592 F. App'x at 83–84 (affirming dismissal because alleged facts regarding "duress and undue influence" did not support equitable tolling); *Frasier-Kane*, 517 F. App'x at 106–07 (affirming dismissal because alleged facts regarding "duress" did not support equitable tolling).

[45] *See* D.I. 1. Although Mr. Cropper alleges an unidentified officer told him they "don't do grievances in the infirmary" after his injury, Judge Bibas previously granted summary judgment in part because Mr. Cropper did not show the Facility rendered administrative remedies unavailable to him. *See id.* at 19 ¶ 35; *Cropper*, 2023 WL 2891267, at *1–4. And Judge Bibas also found Mr. Cropper filed a medical grievance about seven months after his injury. *See Cropper*, 2023 WL 2891267, at *2. This suggests Mr. Cropper had the capacity to write a letter complaining about the officers' conduct before suing the first time. *Cf. Brown*, 614 F. App'x at 592 (affirming dismissal because alleged facts about mental and physical incapacitation conflicted with person filing another law suit during period of alleged incapacitation).

[46] *See* D.I. 10 at 10–11.

[47] *Cf.* Fed. R. Civ. P. 8(c)(1) (requiring a defendant to "affirmatively state any avoidance or affirmative defense, including . . . statute of limitations"); *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 292 (3d Cir. 2010) ("A 'statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant.'" (quoting *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989))).

[48] *See* Del. Code Ann. tit. 10, § 8119.